# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Action No. 19-cr-0086-REB

UNITED STATES OF AMERICA,

    Plaintiff

v.

1. DAMIEN LEWIS

    Defendant

## Unopposed Motion for an Ends of Justice Continuance Pursuant to 18 U.S.C. 3161(7)(A)

David S. Kaplan, of the law firm Haddon, Morgan and Foreman, P.C., on behalf of the Defendant Mr. Damien Lewis requests the Court grant his *Unopposed Motion for an Ends of Justice Continuance Pursuant to 18 U.S.C. 3161(7)(A)* and as grounds states the following:

1.    The Court has previously excluded time from the speedy trial calculations to allow counsel for the Defendant sufficient time to investigate the charges against him and obtain discovery. *A Motion for Ends of Justice Continuance Pursuant to 18 U.S.C. 3161(7) (A)* was filed on September 4, 2019 (Doc. 33) and then again on January 29, 2020 (Doc. 94) Following a motions hearing on February 18, 2020, the Court granted Defendant's motion and excluded

the time from the hearing through July 1, 2020 from the speedy trial calculation (Doc. 105).

2. Counsel on behalf of Damien Lewis, and counsel for the co-defendant, appeared before the court at a status hearing on June 18, 2020. After hearing from the government and defense counsel the court indicated that should either defendant seek a further exclusion of time such a motion should be filed on or before July 1, 2020. (Doc.117)

3. On November 21, 2019, the government filed a three-count superseding indictment (Doc. 44). The superseding indictment alleges that Mr. Lewis conspired to unlawfully enter a federal registered pharmacy with the intent of stealing controlled substance in violation of 18 U.S.C. § 2118(d), (b)(1); and two counts of theft of a controlled substance in violation of 18 U.S.C§2118(b); 18 U.S.C. §2.

4. The court has previously been advised of the voluminous discovery provided to the defense. Having reviewed much of the discovery it is apparent that the government's case relies significantly on cell-phone records and cell-phone tracking data. Further time is required to seek expert guidance, adequately evaluate the evidence and advise Mr. Lewis regarding the strength of the government's case.

5. Additionally, Mr. Lewis is serving a 22-year sentence as a result of a plea in El Paso County District Court. Issues have been raised regarding the impact of a disposition in the above-captioned case with the sentence imposed in the state prosecution. Additional time to contact state defense counsel and advise Mr. Lewis of the repercussions of resolving this case is necessary.

6. As the court is most assuredly familiar, the COVID-19 pandemic has impacted counsel's ability to consult with Mr. Lewis, investigate and evaluate the state court considerations, and consult with others, including expert witnesses, to evaluate and recommend a course of action to Mr. Lewis. Despite these limitations, negotiations with A.U.S.A. Jason Saint Julien have continued.

7. The individual circumstances of Mr. Lewis's case suggest a continuance is appropriate. These factors are those the court in *United States v. West*, 828 F.2d 1468 (10th Cir. 1987) indicated should be considered when addressing a motion for continuance and support the granting of this request. Similar considerations were addressed in *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009) when contemplating an ends of justice continuance so that counsel could adequately resolve the case or prepare for trial.

8. This additional time will allow counsel to become adequately versed in Mr. Lewis's matter so that productive conversations with the Assistant United

States Attorney regarding a resolution of this case can be conducted and knowledgeable advice to Mr. Lewis can be provided.

9. Undersigned counsel conferred with A.U.S.A. Jason St. Julien who has indicated he does not object to an ends-of-justice continuance.

WHEREFORE, pursuant to the factors enumerated in 18 U.S.C. §3161 (7)(B) and the guidance provided in the above cited cases, Defendant requests this Court find that an adequate basis for an ends of justice continuance has been demonstrated, grant an additional 90 days of excludable time from the speedy trial calculation, or such other amount the Court finds appropriate and find that such a continuance outweighs the best interests of the public and is in the best interest of the Defendant.  It is further requested that the Court set this matter for further proceedings consistent with the granting of this motion and the Court's practice.

DATED: June 26, 2020

Respectfully submitted,

*s/ David S. Kaplan*
David S. Kaplan
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone:  303.831.7364
Fax:      303.832.1015
Email:   dkaplan@hmflaw.com

*Attorneys for Defendant Damien Lewis*

4

5

**Certificate of Service**

      I certify that on June 26, 2020, a copy of this *Unopposed Motion for an Ends of Justice Continuance Pursuant to 18 U.S.C. 3161(7)(A)* was served via CM/ECF upon the following:

Jason St. Julien
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202

                                                *s/  Nicole Simmons*