## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Action No.:  19-cr-00086-REB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.  BRAINARD CLARK;
2.  **DAMIEN LEWIS**; and,
3.  DAVID WINSTON.

      Defendants.

---

## PLEA AGREEMENT

---

The United States of America, by and through Jason St. Julien, Assistant United States Attorney, and the defendant, Damien Lewis, personally and by counsel, David Scott Kaplan, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1.

### I.  AGREEMENT

**A.**    **Defendant's Plea of Guilty**

The defendant agrees to:  (1) plead guilty to Count Two of the Superseding Indictment [ECF No. 44], charging a violation of 18 U.S.C. § 2118(b), pharmacy burglary; and, (2) waive certain appellate rights as described below.

**B.**    **Government's Obligations**

In exchange for the defendant's plea of guilty, the United States agrees to: (1) recommend the Court give the defendant full credit for acceptance of responsibility per U.S. SENTENCING GUIDELINES MANUAL § 3E1.1, unless the defendant engages in

1

Court's Exhibit

1

conduct that qualifies for the obstruction of justice enhancement under §§ 3C1.1 and 3E1.1, cmt. n.4, between the time of the guilty plea and sentencing; (2) dismiss Count 1 of the Indictment [ECF No. 1] and Counts 1 and 3 of the Superseding Indictment [ECF No. 44] against the defendant; and, (3) recommend a sentence of 50 months imprisonment, with 25 months to run consecutive and 25 months to run concurrent to the defendant's sentence in El Paso County District Court case no. 2017CR6154

### C.   Defendant's Waiver of Appeal

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined.  Understanding this, and in exchange for the concessions made by the Government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria:  (1) the sentence exceeds the maximum penalty provided in the statute of conviction;  (2) the sentence exceeds the advisory guideline range that applies to a total offense level of 15; or, (3) the Government appeals the sentence imposed.  If any of these three criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255).  This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds: (1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute; (2) the defendant

was deprived of the effective assistance of counsel; or (3) the defendant was prejudiced by prosecutorial misconduct.

## II. ELEMENTS OF THE OFFENSE

The parties agree that the elements of the offense to which this plea is being tendered are as follows:

*First*:    The defendant knowingly entered or remained in the business premises or property of a person registered with the DEA under 21 U.S.C. § 822;

*Second*:    The defendant did so with the intent to steal any material or compound containing an quantity of a controlled substance; and

*Third*:    The replacement cost of the stolen controlled substance, *i.e.*, hydrocodone, is $500 or more.

## III. STATUTORY PENALTIES

The maximum statutory penalty for a violation of 18 U.S.C. § 2118(b) is not more than 20 years imprisonment; not more than a $250,000 fine, or both; not more than 3 years supervised release; and a $100 special assessment fee. If a term of probation or supervised release is imposed, any violation of the terms and/or conditions of supervision may result in an additional term of imprisonment.

## IV. COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury.

## V.  STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement.  That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations.  To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties agree the facts are as follows:

On July 28, 2017, at approximately 9:50 p.m., the defendant, Damien Lewis, and his co-defendants, Brainard Clarke and David Winston, burglarized Hometown Pharmacy & Medical, located at 824 East Main Street in Trinidad, Colorado.  In total, the defendants stole 7,430 pills of hydrocodone.  The value of the stolen pills is approximately $148,600.

At approximately 9:50 p.m., Lewis, dressed in black clothing (black sweater pulled up so you can see a white under-shirt) and red gloves uses a yellow crow bar and attempts to pry the front door open.  One of the co-defendants then used a smaller black crow bar and helped Lewis pry the front door open.  The defendants entered the

4

pharmacy at approximately 9:51 p.m.  They spent a total of 52 seconds in the pharmacy.  Surveillance video shows Lewis leaving with the same yellow crow bar and one of the co-defendants leaving with a trash can filled with pills and bottles.

On September 12, 2017, Federal Bureau of Investigation ("FBI") Task Force Officer ("TFO") Mace authored a state cell phone search warrant for Lewis' phone.  TFO Mace requested, *inter alia*, historical cell site information.  A Colorado state court judge granted the search warrant.  Review of the records indicate that Lewis' cell phone traveled to Trinidad the evening of the pharmacy burglary, was at or near the pharmacy during the burglary, and traveled back to Colorado Springs after the burglary.

On October 30, 2017, FBI TFO Gulbrandson interviewed Lewis about the Hometown Pharmacy & Medical burglary.  Lewis admitted to taking part in the burglary and identified himself as the individual with the red gloves.

Hometown Pharmacy & Medical is registered with the DEA under 18 U.S.C. § 822 and was so at the time of the July 28, 2017 burglary.

The total approximate value of the stolen hydrocodone pills exceeds $500, *i.e.*, $148,600.

## VI.  ADDITIONAL FACTS

In addition to the facts to which the defendant stipulates, the Government submits the Court may consider the following additional facts pursuant to 18 U.S.C. § 3553.  While the defendant does not stipulate to the following facts for purposes of U.S.S.G. §§ 1B1.2 and 1B1.3, the defendant agrees that the Government's evidence would be as follows:

*Count 1*

Lewis conspired with co-defendant's Clark and Winston to burglarize pharmacies within the time-frame stated in the Superseding Indictment [ECF No. 44].  In furtherance of the conspiracy, Lewis committed, *inter alia*, the following two acts:

1.  On or about July 28, 2017, Lewis used a yellow crow/pry bar to break into Hometown Pharmacy & Medical located in Trinidad, Colorado for the purpose of allowing himself and co-defendants Clark and Winston, and others known and unknown, to steal a controlled substance; and,

2.  On or about August 7, 2017, Lewis used a yellow crow/pry bar to break into Capitol Heights Pharmacy in Denver, Colorado for the purpose of allowing himself and co-defendants Clark and Winston, and others known and unknown, to steal a controlled substance.

*Count 3*

On August 7, 2017, at approximately 12:58 a.m., Lewis and co-defendants, Clark and Winston burglarized Capital Heights Pharmacy, located at 1200 N. Madison Court in Denver, Colorado.  In total, the defendants stole approximately 7,798 pills.  The value of the stolen pills is approximately $19, 944.57.  Of the 7,798 pills, 1,089 were oxycodone.  The replacement cost of the oxycodone pills is greater than $500.

GPS ankle monitor data and cell phone data place Clark at or near the burglary at the time of the burglary.  Cell phone data places Winston at or near the burglary during the time of the burglary.  Lewis' cell phone data places him at or near the burglary at the time of the burglary.

TFO Mace requested, received, and reviewed surveillance video of the burglary. TFO Mace is familiar with the defendants based on this investigation.  TFO Mace identified Lewis as the individual using the yellow crow/pry bar to gain entry into Capitol Heights pharmacy, similar to the burglary of Hometown Pharmacy & Medical in Trinidad, Colorado (Count 2).

Capitol Heights is registered with the DEA and was so registered at the time the burglary occurred.

## VII.   ADVISORY GUIDELINE COMPUTATION AND 3553 ADVISEMENT

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors.  One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission.  In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines.  To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

The Guideline calculation below is the good-faith estimate of the parties, but it is only an estimate.  Although the Government is obligated to make the sentencing recommendation tied to an offense level of 15, as set forth in the Agreement section above, the parties understand that the Government has an independent obligation to assist the Court in making an accurate determination of the correct guideline range.  To that end, the Government may make legal or factual arguments that affect the estimate below.

A.   The base guideline is § 2B2.1(a)(2), with a base offense level of **12** because the burglary was of a structure other than a residence.

B.   Pursuant to the specific offense characteristic in § 2B2.1(b)(1), the base offense level is *increased by two levels* because the offense involved more than minimal planning.  The resulting offense level is **14**.

C.   Pursuant to the specific offense characteristic in § 2B2.1(b)(2)(D), the base offense level is *increased by three levels* because the loss is greater than $95,000 but less than $500,000.  The resulting offense level is **17**.

D.   Pursuant to the specific offense characteristic in § 2B2.1(b)(3), the base offense level is *increased by one level* because a controlled substance was taken, *i.e.*, hydrocodone.  The resulting offense level is **18**.

E.   No other specific offense characteristics in § 2B2.1(b) apply.

F.   There are no victim-related, role-in-offense, obstruction and/or multiple count adjustments.

G.   The defendant should receive a **3-level** adjustment for acceptance of responsibility under § 3E1.1.  The resulting offense level therefore would be **15**.

H.   The parties understand that the defendant's criminal history computation is tentative.  The criminal history category is determined by the Court based on the defendant's prior convictions.  Based on the information currently available to the parties, the Government estimates that the defendant's criminal history category would be **VI**.

I.     Assuming the criminal history facts known to the parties are correct, the armed career criminal statute does not apply.

J.     <u>Imprisonment</u>:  The advisory guideline range of imprisonment resulting from an offense level of **<u>15</u>** and the above criminal history category **VI** is 41 – 51 months.  However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level estimated above could conceivably result in a range from 18 months (bottom of Category I) to 51 months (top of Category VI).
In any event, the guideline range would not exceed the statutory maximum applicable to the count of conviction.

K.     <u>Fine</u>:  Pursuant to guideline § 5E1.2, assuming the estimated offense level of **<u>15</u>**, the fine range for this offense would be $7,500 to $75,000 plus applicable interest and penalties.

L.     Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term shall be at least one year but not more than three years.

M.     The defendant agrees that he is jointly and severally liable, with the co-defendants for loss and damage to:  (1) Hometown Pharmacy & Medical as a result of the July 28, 2017 burglary; and, (2) Capitol Heights as a result of the August 7, 2017 burglary.  The parties are in the process of determining the restitution amount.  The defendant agrees to pay the restitution amount as finally calculated by the Court.

The parties understand that although the Court will consider the parties' estimate, the Court must make its own determination of the guideline range.  In doing so, the Court is not bound by the position of any party.

No estimate by the parties regarding the guideline range precludes either party from asking the Court, within the overall context of the guidelines, to depart from that range at sentencing if that party believes that a departure is specifically authorized by the guidelines or that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating the advisory guidelines.  Similarly, no estimate by the parties regarding the guideline range precludes either party from asking the Court to vary entirely from the advisory guidelines and to impose a non-guideline sentence based on other 18 U.S.C. § 3553 factors.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VIII.   ENTIRE AGREEMENT

This document, as supplemented, states the parties' entire agreement.  There are no other promises, agreements (or "side agreements"), terms, conditions,

10

understandings, or assurances, express or implied.  In entering this agreement, neither

the Government nor the defendant has relied, or is relying, on any terms, promises,

conditions, or assurances not expressly stated in this agreement.

Date: 4.15.21

Damien Lewis
Defendant

Date: 4.16.21

David S. Kaplan
Attorney for Defendant

Date: 4/20/2021

s/Jason St. Julien
Jason St. Julien
Attorney for the United States

11