**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 19-cr-0086-REB


UNITED STATES OF AMERICA,

     Plaintiff

v.

  1.  DAMIEN LEWIS

     Defendant

---

**Defendant Damien Lewis' Sentencing Statement and Request for a Concurrent Sentence with Colorado State Department of Corrections Confinement**

---

      COMES NOW, David S. Kaplan, of the law firm Stimson Stancil LaBranche Hubbard, LLC, on behalf of Damien Lewis and submits this Sentencing Statement for the court's consideration.

      On April 21, 2021 Mr. Lewis plead guilty to a single count of Pharmacy Burglary and Aiding and Abetting in violation of 18 U.S.C. §2118 (b)(1) and 2.  The charge stemmed from a burglary occurring on July 28, 2017. Mr. Lewis was interviewed on September 12, 2017 and admitted involvement in the incident.  He was initially charged in a single count indictment on February 21, 2019 followed by a Superseding Indictment dated November 21, 2019.  Pursuant to the plea disposition the Government has agreed to recommend a sentence of 50 months with 25 months to run consecutive and 25 months concurrent with the sentence imposed in El Paso County District Court.  Mr. Lewis reserved the right to argue for a more lenient sentence. A Presentence Investigation Report has been filed finding, pursuant to the United States Sentencing

Guidelines (USSG), Mr. Lewis a criminal history category VI and his offense level—16. The probation office recommendation is for 41 months, consecutive to his state sentences.

## State Court Proceedings

As well documented in the Presentence Investigation Report, Mr. Lewis was facing multiple felony charges in El Paso County, (2015CR414; 2016CR6218; 2017CR6154 and 2018CR254), prior to the initial federal indictment.  On January 17, 2018 the El Paso County cases were brought to one court, (Div. 14), in contemplation of a global disposition.  In the following months court settings were set, and continued, as the parties engaged in disposition discussions. An added difficulty was the involvement of the United States Attorney's Office and their representation that a federal indictment of Mr. Lewis was imminent.  Conversation now included the need to advise Mr. Lewis on the impact of an anticipated federal prosecution, the resulting effect of state convictions, and negotiating the combined years of incarceration.  Before an increasing impatient State District Court Judge, a minute order dated November 14, 2018 noted "… per Da There is Ongoing Federal Investigation; Numberous (sic) Asst Us Attys On Federal Matter, Feds Not Moving Quickly So Da & Defense Agree To Proceed with A Plea Agreement That Addresses Only State Cases".  (*2016CR6218 El Paso County Minute Order, Judge Maria Prudek*, Div. 14, 11.14.2018)

On January 23, 2019, before the Honorable Maria Prudek, Mr. Lewis entered pleas in all four El Paso County cases.  The agreement reached between the parties was that the cases would run concurrent to each other.  In each case a minute order, in part, read "…35b Allowed For Up to 2 years; Parties Intend For Sentence to Run

Concurrent to Federal Sentence; ..." *(2016CR6218 El Paso County Minute Order, Judge Maria Prudek*, Div. 14, 1.23.2019). The Colorado Rules of Civil Procedure 35 (b) requires a defendant to request a reduction of sentence within 126 days of the sentence being imposed.

Mr. Lewis was given sentences of 12, 22.5, 22.5 and 4 years to be served concurrently in the Colorado Department of Corrections.

The accommodation given Mr. Lewis as part of the disposition agreement was the ability to delay a ruling on his C.R.Cr.P 35 (b) for up to 2 years, allowing time for the federal prosecution to be completed.  The agreement also contemplated, should the federal sentence not be concurrent to the state sentence, the court would agree to reconsider Mr. Lewis's sentence and run it concurrent to the federal sentence.  Neither the state prosecutor, the defense attorneys, or the Court understood that the federal court proceedings could prevent a state sentence from being concurrent to a federal imposed period of incarceration—nor was Mr. Lewis so advised. *See: Setser v. United States* 132 S.C.t 1463 (2012)

**Concurrent/Consecutive Sentencing Considerations**

A court sentencing a defendant who is already subject to an undischarged term of imprisonment may run the terms concurrently or consecutively.  18 U.S.C. § 3584 (a); *United States v. Williams* 46 F.3d 57 (10th Cir. 1995).  Factors to be considered are those contained in 18 U.S.C. 3553 (a). 18 U.S.C. 3584 (b).

Greater detail in making a determination regarding a concurrent sentence is contained in the United States Sentencing Guidelines (USSG) Section 5G1.3 Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment or

<u>Anticipated State Term of Imprisonment.</u> Section (d) (Policy Statement) reinforces the authority of the court to impose a sentence that runs concurrently, partially concurrently or consecutively to an undischarged term of imprisonment.

The application of Section (d) is further discussed in the Commentary and suggests the court consider:

(i)     The factors set forth in 18 U.S.C. §3584 (referencing 18 U.S.C.§3553 (a);

(ii)    The type (e.g., determinate, indeterminate/parolable) and length of the prior undischarged sentence;

(iii)   The time served on the undischarged sentence and the time likely to be served before release;

(iv)    The fact that the prior undischarged sentence may have been imposed in state court rather than federal court, or at a different time before the same or different federal court; and;

(v)     Any other circumstances relevant to the determination of an appropriate sentence for the instant offense.

USSG §5G1.3 cmt. N.4 (A).

Understanding that cases are often unique and particularly complex, the guidelines encourage the court to exercise its discretion to fashion a sentence of appropriate length and structured in an appropriate manner. USSG §5G1.3 cmt.N.4(D).

**<u>Discussion</u>**

USSG 5G1.3 (d) considerations support a concurrent sentence.  Mr. Lewis received a substantial sentence resulting in 22.5 years in the Colorado Department of

Corrections.  The disposition was reached with the full understanding of the parties that, if necessary, the state court sentence would be reconsidered to run concurrent with any federal sentence Mr. Lewis received.  Mr. Lewis is not seeking to undermine the agreement he merely wants to serve the amount of time all involved with the disposition believed he would serve.

He has served approximately 3 years 7 months of his state sentence. [1] His current Parole Eligibility Date (PED), as calculated by the Department of Corrections, is April 17, 2028. [2]

Mr. Lewis engaged in disposition discussions concerning the global resolution of 4 felony cases in El Paso County as early as January of 2018.  Negotiations stalled, in part, because of a federal investigation, communicated to the state prosecutors and defense counsel by Assistant United States Attorneys involved in the case.  Several AUSA's touched the case with AUSA Jason St. Julian involved at the time Mr. Lewis entered his state court plea disposition (and the prosecutor at the time of the initial and superseding indictments).  The delay in federal prosecution prevented a resolution that could have been reached at an earlier time and accommodated the interests of both state and federal prosecutors while determining the appropriate venue for the prosecution and sentencing of Mr. Lewis.

Reference to 18 U.S.C. §3553 (a) should be viewed in the somewhat unique circumstances that Mr. Lewis presents to the court.  Subsection (a)(1) is addressed in

---

[1] Mr. Lewis was sentenced on his state convictions on January 23, 2019. He was given 791 days of credit for time served but upon review by the Colorado Department of Corrections he was only allowed approximately 1 year credit against his sentence.
[2] His parole eligibility date will change as he earns more "good time" and result in a date earlier than April, 2028, but not yet calculated.

the Presentence Report and the accompanying guideline calculations.   The (a) (2) considerations are what breathe life into the non-mandatory nature of the guidelines.   A 22.5 year sentence, even with state good-time calculations, provides just punishment for Mr. Lewis' transgressions.   In this instance respect for the law, and the power of its sanctions to prevent recidivism can hardly be up for debate.

Additional years of incarceration are not necessary to protect the public from Mr. Lewis engaging in additional criminal behavior.   The man before the court is not the same man who engaged in these criminal acts.   He has demonstrated that by his behavior while incarcerated, which by all accounts has been exemplary, including taking advantage of an impressive amount of CDOC treatment and training as noted in the PSIR.

## Conclusion

The goal contained in §3553 (a) considerations that the guidelines should promote respect for the law should include those who are subjected to its implementation.   Mr. Lewis negotiated a disposition that he believed encompassed the state charges that were filed and addressed the inevitable federal prosecution.   Mr. Lewis has heard that those involved in the criminal justice system can each do their job and he will not be provided what was agreed to in January of 2019.   This court, without doing an injustice to the goals of an appropriate sentence for Mr. Lewis, can help fulfill the spirit and letter of the agreement he had reached by sentencing Mr. Lewis concurrently to his state sentence or not requiring the federal sentence to run consecutive to whatever reconsideration is provided by future state court proceedings.

DATED: August 4, 2021.

Respectfully submitted,

*s/ David S. Kaplan*
David S. Kaplan
STIMSON STANCIL LABRANCHE HUBBARD, LLC
1652 N. Downing Street
Denver, CO 80218
Phone:   720.689.8909
Email:    kaplan@sslhlaw.com

*Attorneys for Defendant Damien Lewis*

### Certificate of Service

I certify that on August 4, 2021, a copy *of Defendant Damien Lewis' Sentencing Statement and Request for a Concurrent Sentence with Colorado State Department of Corrections Confinement* was served via CM/ECF upon the following:

Kelly Churnet
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202

*s/ Brenda Rodriguez*