IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 19-cr-00086-REB-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DAMIEN LEWIS,

    Defendant.

_____

**UNITED STATES' RESPONSE TO THE DEFENDANT'S SENTENCING STATEMENT AND REQUEST FOR A CONCURRENT SENTENCE WITH COLORADO STATE DEPARTMENT OF CORRECTIONS CONFINEMENT [ECF #178]**
_____

    The United States of America (government), by and through Kelly R. Churnet, Assistant United States Attorney, hereby submits this Response to the Defendant's Sentencing Statement and Request for a Concurrent Sentence with Colorado State Department of Corrections Confinement. ECF # 178. The defendant requests a sentence to run concurrent to any state sentences. The government objects to the defendant's request and requests that the Court impose a sentence of 50 months, 25 months to run consecutive and 25 months to run concurrent to his state sentence in case 2017CR6154, followed by a three-year term of supervised release. Such a sentence is sufficient, but not greater than necessary to achieve the purposes of sentencing established in 18 U.S.C. § 3553(a).

    The parties agree that the advisory guideline range applicable to the defendant in

1

this case is derived from a total offense level of 15 and a criminal history category of VI, resulting in a guideline range of 41-51 months.  ECF # 177-1.  Probation has recommended a sentence of 41 months to run consecutive to his state sentences.  *Id*.  The defendant has requested an unspecified sentence, to run concurrent to his state sentences.  ECF # 178.

In July 2017, the defendant, along with his two co-defendants, burglarized Hometown Pharmacy and Medical in Trinidad, Colorado.  *See* ECF # 177 ¶ 9.  The defendant used a yellow crowbar to break into the pharmacy.  *Id.*  The defendant and his co-defendants stole 7,430 pills of hydrocodone.  *Id.* ¶ 10.  In August 2017, the defendant and his co-defendants burglarized another pharmacy, Capitol Heights Pharmacy, in Denver, Colorado.  *Id.* ¶¶ 20, 26.  During that burglary, the defendant and his co-defendants stole approximately 7,798 pills.  *Id.*  Cell phone data places him at or near the burglary at the time of the burglary.  *Id.* ¶ 21.  Review of surveillance video shows the defendant using a yellow crowbar to gain entry to the pharmacy.  *Id.* ¶ 22.

The defendant has a long and serious criminal history spanning over 30 years and dating back to when he was 10 years old.  *See* ECF # 177 ¶¶ 48-60.  The defendant has been convicted of six adult felonies.  *Id*.  This includes multiple convictions for robbery and burglary.  *Id.* ¶¶ 56-59.  The defendant's criminal history includes convictions for violence and convictions with underlying conduct showing a propensity for violence and a disregard for law enforcement.  *See id.* ¶¶ 56 (attempted robbery conviction where defendant and co-defendants robbed bank with a pistol and fled from officers); 58 (robbery conviction where the defendant took cash from the victim using a handgun); 60 (assault 2 conviction where the defendant fled from law enforcement in a vehicle, striking

an occupied police vehicle).

The defendant had a tumultuous and dysfunctional childhood.  *See* ECF # 177 ¶¶ 65-74.  This included parental incarceration, addiction, and abuse.  *Id.*

This is the defendant's first federal conviction.  The defendant is currently serving state sentences on four cases.  *Id.*  ¶¶ 57-60.  These sentences are all running concurrent to each other.  *Id.*  The defendant argues that he should receive a sentence in this case that also runs concurrent to these state cases.  ECF # 178, pgs. 2-5.  Specifically, the defendant claims that his agreement to plead to his four state cases included an agreement that those cases would run concurrent to any federal sentence he received.  *Id.*  Any such agreement was not made with the federal government.  Additionally, the state sentences that the defendant is currently serving involve different, additional conduct than what he is facing here.  *See* ECF # 177 ¶¶ 57 (conviction for robbery of a bank); 58 (conviction for robbery of an off-track betting parlor); 59 (conviction for burglary of a marijuana business); 60 (conviction for assaulting a law enforcement officer).  The government has agreed to recommend a partially concurrent sentence in this case.  But given that these four cases involve separate criminal conduct that are already running concurrent to each other, a fully concurrent sentence is not warranted.

Given this, a sentence of 50 months, to be run partially concurrent, followed by a three-year term of supervised release is sufficient but not greater than necessary to punish the defendant for his conduct and to deter him from future criminal conduct.  This sentence takes into account the defendant's chaotic childhood and the sentences he is currently serving, balanced against the defendant's long-standing pattern of serious, sometimes violent, criminal behavior, as well as the serious nature of the conduct he has

engaged in. As such, the government requests the Court impose a sentence of 50 months, with 25 months to be served concurrent to his state sentence in case 2017CR6154, followed by a three-year term of supervised release.

Dated: August 6, 2021

MATTHEW T. KIRSCH
Acting United States Attorney

*s/ Kelly R. Churnet*
Kelly R. Churnet
Assistant United States Attorney
United States Attorney's Office
1801 California St., Suite 1600
Denver, Colorado  80202
Telephone:  (303) 454-0100
Fax:  (303) 454-0406
E-mail:  Kelly.Churnet@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2021, I electronically filed the foregoing **UNITED STATES' RESPONSE TO THE DEFENDANT'S SENTENCING STATEMENT AND REQUEST FOR A CONCURRENT SENTENCE WITH COLORADO STATE DEPARTMENT OF CORRECTIONS CONFINEMENT [ECF #178]** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties on record.

*s/ Ian McCandless*
Legal Assistant